UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MATTHEW RUIZ-STUPI and AIMEE MCPHERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAXIM HEALTH SERVICES, INC., et al.,<br><br>Defendant. | Case No. SACV10-01456-JST (JEMx)<br><br>**[PROPOSED] PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>**"DISCOVERY MATTER"**<br><br>Courtroom:  8<br>Mag. Judge:  Hon. John E. McDermott |

Having reviewed the parties Stipulation Governing The Treatment of Confidential Information, IT IS HEREBY ORDERED:

1. This protective order governing the treatment of confidential information (the "Protective Order") shall govern the handling of all documents, testimony and discovery responses, including all copies, excerpts, and summaries thereof (collectively "Material"), provided during the course of the above-captioned case (the "Litigation") by the Parties to the Litigation or by non-parties, either voluntarily or as required by discovery requests made pursuant to the FRCP.

2. Whether or not designated as "Confidential Material," "Attorneys-Eyes Only Confidential Material," or "HIPAA Confidential Material," as defined in paragraph 6 below, the Material shall be used only for purposes of investigating, preparing for, and conducting the Litigation in which such Material is produced, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive, or other purpose without the prior written consent of the Producing Person, as defined in paragraph 6 below, or their counsel.

3. This Protective Order is entered for good cause. This Protective Order is entered into to protect certain "Confidential Material" of the parties, as defined in paragraph 6 below. In addition, as a "Covered Entity" under HIPAA, as the term is defined in the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") at 45 C.F.R. § 106.103, and pursuant to other applicable federal and state laws, Maxim is obligated to protect its clients' Personal Health Information ("PHI"), as defined under the Privacy Rule and in accordance with the Security Standards Regulations ("Security Rule"), see 45 C.F.R. §§ 160, 164, as well as other confidential information, from unauthorized disclosure and use. Disclosure and use of PHI is authorized only under certain conditions specified in the Privacy Rule and Security Rule. The Privacy Rule and Security Rule allow the use and disclosure of PHI under these circumstances, provided the Parties stipulate to, and the Court orders a "Qualified Protective Order." 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(1)(iv)(A). A "Qualified Protective Order" is an order that prohibits the use or disclosure of PHI for any purpose other than the Litigation for which such information was requested, and requires the return of documents (and all copies) containing PHI at the conclusion of the Litigation. 45 C.F.R. § 164.512(e)(1)(v). The Parties agree, and the Court finds, that under the circumstances set forth in this Protective Order, the Parties are permitted to request, disclose, or use Maxim's clients' PHI in the Litigation to obtain relevant

information regarding Plaintiffs' claims or Maxim's defenses. In agreeing to this Protective Order, however, neither party waives any objection to the request, disclosure, or use of PHI or any other Confidential Material, as defined in paragraph 6 below, covered by this Protective Order pursuant to the FRCP.

4. The provisions of this Protective Order shall apply to any "person," which, as used herein, shall include: (a) the Parties to the Litigation; and (b) any other person or entity receiving, producing, or disclosing Material in the Litigation.

5. This Protective Order shall not apply to any document, testimony or other information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Parties; (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

6. Any person who produces Material (a "Producing Person") may at any time designate as "Confidential," "Attorneys-Eyes Only Confidential," or "HIPAA Confidential" (collectively, "Confidential Material"), as applicable, any non-public Material that such person produces in the course of the Litigation that such Producing Person believes in good faith contains: (a) a trade secret or other confidential or proprietary research, development, financial, or commercial information, or private, personal, or other information entitled to be treated as confidential under FRCP Rule 26(c); (b) any information in the custody, possession, or control of a Producing Person, the disclosure of which, absent this Protective Order, could constitute a violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such Producing Person owes to a third party; (c) any information appropriately designated as "Attorneys-Eyes Only" information under the applicable legal standard in this jurisdiction; (d) any

HIPAA-protected PHI and related information, as detailed in Paragraph 19 below; and/or (e) any information and know-how which, by the nature of the circumstances surrounding disclosure, ought in good faith to be treated as proprietary or confidential. In addition, any party may designate as "Confidential" any Material that is produced by any other party or any third party that such party believes in good faith contains confidential information as set forth in (a)-(e) above. Each party shall have thirty (30) days from the actual receipt of any Material produced by any other party, or any third party, to designate any such Material as "Confidential." During this thirty-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Protective Order. Any Material designated as "Confidential" in accordance with this Protective Order will also render "Confidential" any copies, excerpts, summaries, or other documents reflecting or referring to the substance or contents of such Material.

7. Confidential Material shall be subject to the following restrictions:

    a. Confidential Material shall not be given, shown, made available, or communicated in any way to anyone except those Qualified Persons, specified in sub-paragraph (b) below, to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under paragraph 2 above.

    b. Confidential Material may be disclosed, for the purposes set forth in paragraph 2 above, only to a "Qualified Person," defined as follows:

        i. counsel of record for the Parties and attorneys, clerical, paralegal, and other staff employed by such counsel who are assisting in the conduct of the Litigation;

        ii. the Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Litigation, subject to paragraph 8 below;

        iii. witnesses (other than Parties) during any interview,

deposition, hearing, or informal meeting conducted by counsel for the Parties, subject to paragraph 8 below;

iv. such consultants and experts retained by the Parties, or their respective counsel, as they, in good faith, deem necessary to provide assistance in connection with the conduct of the Litigation, subject to paragraph 8 below;

v. the Court, court personnel, and jurors, subject to paragraph 15 below;

vi. court reporters and their employees used in connection with the conduct of the Litigation;

vii. mediators and their employees used in connection with any efforts to mediate the Litigation;

c. Confidential Material shall not be provided to counsel, consultants, or expert witnesses employed by the Parties in any other litigation or administrative proceeding, or used for any purposes other than investigating, preparing for, and conducting the Litigation, including any appeals thereof.  If any such counsel, consultant, or expert witness also is counsel, a consultant, or an expert witness in the Litigation, such counsel, consultant, or expert witness shall not use any Confidential Material in any other litigation or administrative proceeding.

8. Except for the Parties, those Qualified Persons described in subparagraphs 7(b)(ii) through 7(b)(iv) above to whom Confidential Material is disclosed shall first be provided with a copy of this Protective Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order, and that Confidential Material may not be disclosed other than pursuant to the terms hereof.  Qualified Persons to whom Confidential Material is disclosed shall further execute the attached Certification before such persons may be given access to Confidential Material.  It shall be the responsibility

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

of counsel providing such access to Confidential Material to provide each Qualified Person to whom Confidential Material is disclosed a copy of this Protective Order and the attached Certification, and to retain a signed copy in counsel's files. Any Qualified Person to whom Confidential Material is provided pursuant to this paragraph shall destroy such Confidential Material no later than sixty (60) days following the termination of the Litigation, including any appeals thereof, and provide written confirmation of the same.

9. If a party inadvertently discloses Confidential Material to anyone who is not a Qualified Person, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Material within five (5) business days of knowledge of such inadvertent production. In that event, counsel for the party who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Protective Order.

10. All documents and things that are produced in the Litigation, whether voluntarily or as required under the FRCP, if such documents or things contain Confidential Material, shall bear a stamp stating "Confidential," "Attorneys-Eyes Only Confidential," or "HIPAA Confidential," on each page of any such document or on a sticker affixed to any such tangible thing, unless such designation would be unduly burdensome, in which case the designating party may designate the categories of documents that contain such material (*e.g.,* all e-mail communications or all "on-call" logs for a plaintiff). The Parties agree that any documents contained therein which may contain HIPAA Confidential Material shall be redacted before filing with any Court pleading or filing under seal.

11. Documents or testimony previously provided shall be retroactively designated by notice in writing of the appropriate confidentiality designation within

sixty (60) days of the entry of this Protective Order.  Documents unintentionally produced without the applicable confidentiality designation may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.  Documents to be inspected shall be treated as confidential during inspection.  At the time of copying for the receiving party, such inspected document shall be stamped with the appropriate confidentiality designation by the producing party.

      12.    Inadvertent or unintentional disclosure of attorney-client privileged or work-product Material shall be subject to the following:

          a.    Upon written notice by the Producing Person within fifteen (15) business days of learning of the inadvertent or unintentional disclosure of attorney-client privileged or work-product Material, which Material will be specified by identifying the Bates number designations, or such other information as to reasonably describe the Material, the Producing Person shall notify the party who received the Material (hereinafter the "Receiving Party") that such Material was unintentionally disclosed.  Such inadvertent or unintentional production, absent a further court order, shall not constitute a waiver of the attorney-client privilege or work-product immunity.

          b.    Thereafter, the Receiving Party shall return within five (5) business days the originals and all copies of the Material specified in the aforesaid written notice, subject to paragraph (c) below.

          c.    If, however, the Receiving Party disagrees that the Material is protected from disclosure by the attorney-client privilege or work-product immunity, or asserts that there has been an intentional waiver of privilege or immunity which encompasses the Material, the Receiving Party may keep one (1) copy of such Material while it moves the Court, within fifteen (15) business days of the Producing Person's written notice of inadvertent or unintentional disclosure, for an order that such Material be produced, in which case, the party claiming the

privilege or immunity shall have the burden of proving that such privilege or immunity exists. The Receiving Party shall not use or rely upon any such Material until after the resolution of any such motion by the Court.

   d. If the Receiving Party fails to file the aforesaid motion in a timely fashion, then the Receiving Party, within five (5) business days after the time to file said motion has expired, will return the originals and all copies of the Materials that were not previously returned.

   e. Notwithstanding the foregoing procedure, the Parties agree that with respect to voluminous electronically stored information ("ESI") produced in electronic form (*e.g.,* all e-mail communications of Plaintiffs), the parties agree that pursuant to Federal Rule of Evidence 502(d), attorney-client privilege and work product protection shall not be waived pursuant to this Court-approved Protective Order. Clawback of any attorney-client or work-product documents from voluminous ESI productions shall take place in accordance with the time frames set forth in paragraphs 12(a) and (b) above.

  13. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in sub-paragraph 7(b)(iii) above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 10 above.

  14. Testimony or exhibits disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by either of the Parties, or by a Producing Person, if such person either:

   a. identifies on the record at the deposition those portions of the testimony or exhibits that are designated as Confidential Material; or

   b. provides written notification to all Parties within thirty (30) days after receipt of the transcript as to those pages and lines of the transcript or exhibits that are designated as Confidential Material. The entire transcript of any deposition

shall be treated as Confidential Material until thirty (30) days after the transcript is received. Each page of deposition transcript and exhibit designated as Confidential Material, and any copies thereof, shall be stamped, as set forth in paragraph 10 above, by the court reporter or counsel.

15. Any party seeking to file documents containing unredacted Confidential Material with the Court must move the Court for leave to file such documents under seal by filing the documents with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous application pursuant to L.R. 79-5.1 (hereinafter the "Interim Sealing Application"). The Interim Sealing Application shall be governed by L.R. 79-5.1. The party that files a motion, memorandum or the like under seal shall, within five (5) business days of the filing, file a public version of the sealed document with the Confidential Material redacted.

16. No party concedes that any Material designated by any other person as Confidential Material under any provision of this Protective Order does, in fact, contain or reflect trade secrets, proprietary, or confidential information or has been properly designated as Confidential Material, and entering into this Protective Order shall not prejudice, in any way, the right of a party to seek at any time a determination by the Court of whether any particular Material should be subject to the terms of this Protective Order. If the Court determines that any Material designated as Confidential Material is not Confidential, any receiving person may treat the Material without any restriction.

17. A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. In the event that any party to this action disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential Material" or the designation of any person as a "Qualified Person," the parties shall first meet and confer,

consistent with L.R. 37-1 either in person or telephonically, in good faith on an informal basis. If the dispute cannot be resolved informally, in accordance with L.R. 37-1, the parties shall formulate a written stipulation to be filed with the notice of motion to be filed with the Court. Pending resolution of such issues, the Material shall remain designated as Confidential Material. Any party may seek an order from the Court modifying the Protective Order entered pursuant to this Protective Order. The parties may, by stipulation, provide for exceptions to this Protective Order, however, no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

18. Should any non-party seek access to Confidential Material produced in the Litigation, by request, subpoena, or otherwise, the party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access. If any receiving party: (a) is subpoenaed in another action; (b) is served with a demand in another action to which he, she, or it is a party; or (c) is served with any other legal process by one not a party to the Litigation seeking Confidential Material which was produced, the receiving party shall give actual written notice, by hand, electronic mail, or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to those who produced or designated the Material. The receiving party shall not produce any of the Producing Person's Confidential Material unless ordered by a court to do so until the later of: (a) the date of production specified in, or required by, the subpoena, demand, or other legal process; or (b) the date that any objection by the Producing Party to production of the Confidential Material is resolved by the Court. The Producing Person shall be solely responsible for asserting any objection to the requested production.

19. HIPAA Confidential Material shall be subject to the following additional restrictions:

  a. PHI as defined by the Privacy Rule, see 45 C.F.R. § 160.103, which includes individually identifying health information about any of Maxim's current or former clients that directly or indirectly identifies an individual including, but not limited to, the full name of the client, the residential address of the client, any type of contact information of the client (including, but not limited to, phone numbers, e-mail addresses, or mailing addresses), the names or contact information of the client's family members, the social security number of the client, and all medical records or other medical information related to the client, shall be HIPAA Confidential Material.

  b. Any declaration filed by the Parties shall not disclose any HIPAA Confidential Material. Any current or former Maxim client shall be identified in such declarations filed in the Court by a fictitious name only. Plaintiffs' counsel shall provide to Maxim's counsel the real first name and last initial of the client upon filing of the declaration.

  c. No documents containing HIPAA Confidential Material shall be filed with the Court unless the PHI and other identifying information (as set forth in paragraph 19(a) above) are redacted or the documents are filed under seal.

  d. Plaintiffs, Plaintiffs' Counsel, and putative class members will not contact any client of Maxim to whom Maxim is providing healthcare services unless a separate Court order is issued approving such communications. Maxim reserves the right to object to any such communications.

  e. With respect to any external employees of Maxim who are providing healthcare services to Maxim's clients, Plaintiffs' counsel may contact any current or former external employees disclosed by Maxim in its discovery responses regarding the subject matter of the Litigation. Plaintiffs' counsel agrees to read the Prefatory Statement attached to this Protective Order prior to beginning any interview which shall advise the external employee not to disclose any HIPAA-protected information and not to disclose other Confidential Business Information

of Maxim unless such information relates to the external employee's personal knowledge of Homecare Recruiter job duties. Plaintiffs' counsel agrees to keep a log of the external employees contacted, including the date and a confirmation that the Prefatory Statement was read. Plaintiffs' counsel agrees to maintain the log until the conclusion of the Litigation, and provide the log to Maxim within sixty (60) days of the conclusion of the Litigation.

f. Any HIPAA Confidential Material disclosed in the Litigation shall be used solely for purposes of the Litigation, and unless the Court rules otherwise, such information shall not be disclosed to any person other than the Qualified Persons listed in paragraph 7(b) above.

20. Nothing in this Protective Order constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work-product protection, or any other privilege.

21. Where any dispute arises under this Order, including any effort to contest the designation of Confidential Material, the parties shall first meet and confer in good faith to resolve the dispute informally as required by L.R. 37-1. If the dispute cannot be resolved informally, the parties shall formulate a written stipulation to be filed with the notice of motion to be filed with the Court pursuant to L.R. 37-1.

22. Prior to the use of any Confidential Material at any hearing to be held in open court, counsel who desires to so use such Confidential Material shall take reasonable steps to preserve the confidentiality of the Material and to submit a motion to file under seal, pursuant to the Local Rules, at or immediately following the hearing for the portion of the record and/or any exhibits that contain Confidential Material.

23. This Protective Order shall continue to be binding throughout and after the conclusion of the Litigation, including any appeals thereof.

24. Within sixty (60) days after the conclusion of the Litigation, including all appeals thereof, all Confidential Material, and all copies thereof, shall be destroyed. Counsel for the Parties shall certify, in writing, that all such Confidential Material within their possession or control has been destroyed. Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or served in the course of the Litigation, interrogatories and responses, requests for production and the responses thereto, deposition transcripts, and work product, subject to the limitations concerning their use stated herein.

**IT IS HEREBY SO ORDERED.**

Dated: September 13, 2011                   */s/John E. McDermott*
                                             Honorable John E. McDermott
                                             United States Magistrate Judge

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

13

C:\Documents and Settings\torr1039\Desktop\Maxim-Stupi\Proposed Order.docx

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MATTHEW RUIZ-STUPI and AIMEE MCPHERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAXIM HEALTH SERVICES, INC., et al.,<br><br>Defendant. | Case No. SACV10-01456-JST (JEMx)<br><br>**ACKNOWLEDGEMENT - PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>Courtroom: 8<br>Mag. Judge: Hon. John E. McDermott |

## ACKNOWLEDGEMENT – PROTECTIVE ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

I hereby certify under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. Confidential Material is being provided to me pursuant to the terms and restrictions of the "Protective Order" governing the treatment of confidential information, which was entered in the above-captioned case.

2. I have been given a copy of and have read that Protective Order and agree to be bound by it.

3. I understand that all such Confidential Material and copies, including, but not limited to, any notes or other materials relating or referring to such Confidential Material shall be destroyed no later than sixty (60) days after the termination of this proceeding.

Signature:_____

Name:_____

Affiliation:_____

Business Address:_____

Dated:_____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Documents and Settings\torr1039\Desktop\Maxim-Stupi\Proposed Order.docx

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MATTHEW RUIZ-STUPI and AIMEE MCPHERSON, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>MAXIM HEALTH SERVICES, INC., et al.,<br><br>          Defendant. | Case No. SACV10-01456-JST (JEMx)<br><br>**PREFATORY STATEMENT FOR INTERVIEWS WITH MAXIM'S CURRENT OR FORMER EXTERNAL EMPLOYEES**<br><br>Courtroom:  8<br>Mag. Judge:  Hon. John E. McDermott |

## **PREFATORY STATEMENT FOR INTERVIEWS WITH MAXIM'S CURRENT OR FORMER EXTERNAL EMPLOYEES**

My name is _____. I am an attorney representing plaintiffs Benjamin Matthew Ruiz-Stupi and Amy McPherson, former Recruiters for Maxim Health Services, Inc., who seek to represent a putative class of other current and former Maxim Recruiters on claims that they were misclassified under the California Labor Code and the Fair Labor Standards Act ("FLSA") and were therefore denied overtime pay during their employment at Maxim.

Your participation in this interview is voluntary. The purpose of this interview is to ask you questions related to the job duties of Maxim's Recruiters, particularly any Maxim Recruiter who placed you in your current or former assignment. Maxim has agreed and the Court has approved that I am permitted to ask you questions regarding your personal interaction with Recruiters during your recruitment, hiring and employment at Maxim with respect to the Recruiter's job duties.

Prior to starting your interview, I need to inform you of the following obligations to ensure that you do not disclose to me any **Confidential Information** that you have agreed not to disclose either through your legal obligations under the

federal Health Insurance Portability and Accountability Act ("HIPAA") or other privacy laws.

- Do not disclose any **Personal Health Information ("PHI")** of the patients (i.e., Maxim's clients) for whom you provide or have provided healthcare services. This encompasses individually identifying health information about any of Maxim's current or former clients that directly or indirectly identifies an individual, including, but not limited to:
    - the name of the client;
    - the residential address of the client;
    - any type of contact information of the client (including, but not limited to, phone numbers, e-mail addresses, or mailing addresses);
    - the names or contact information of the client's family members;
    - the social security number of the client; and
    - all medical records or other medical information related to the client.
- During the interview, if you believe you must refer to a client, the condition of the patient, or the type of treatment you were providing in order to answer my questions about the job duties of Homecare Recruiters, you **must** use "John Doe" or "Jane Doe" to refer to the client.
- Also do not disclose any **Confidential Business Information** of Maxim, including:
    - patient/client medical records and/or information;
    - identity of patients, customers, and/or clients;
    - patient, customer, and/or client lists;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

1. • Maxim's contracts with its patients, clients, and/or customers; or
2. • other confidential company information about Maxim, unless it relates to your personal knowledge of the job duties of Maxim Recruiters.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

C:\Documents and Settings\torr1039\Desktop\Maxim-Stupi\Proposed Order.docx